Filed 9/17/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re RICKY LEE COBBS <br><br> on Habeas Corpus. | C088160 <br><br> OPINION ON TRANSFER |

ORIGINAL PROCEEDINGS.  Writ of habeas corpus.  Granted.

Ricky Lee Cobbs, in propria persona, and Diane Nichols, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Eric L. Christoffersen, Supervising Deputy Attorney General, Catherine Tennant Nieto, Deputy Attorney General, for Plaintiff and Respondent.

Petitioner Ricky Lee Cobbs was convicted of, among other crimes, first degree murder (Pen. Code, § 187)[1] in a prosecution relying on two theories of guilt:  felony murder based on attempted robbery, and murder as the natural and probable consequence of assault and battery.  Petitioner contends the second theory is now invalid under *People*

_____

[1]    Undesignated statutory references are to the Penal Code.

1

*v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*) and *In re Martinez* (2017) 3 Cal.5th 1216 (*Martinez*), and both theories are invalid following changes enacted under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 2 (SB 1437).) He contends we should vacate his conviction and direct the trial court to conduct further proceedings consistent with sections 188 and 189. The Attorney General agrees the first degree murder conviction is invalid under *Chiu* and *Martinez*, but does not address SB 1437. The Attorney General thus asserts the remedy should be that provided for in *Chiu* and *Martinez*: reverse the first degree murder conviction, and give the People the option of retrying the first degree murder count or reducing the conviction to second degree murder.

We agree with the parties that the first degree murder conviction cannot stand in light of *Chiu, supra,* 59 Cal.4th 155 and *Martinez, supra,* 3 Cal.5th 1216, but disagree on the remedy. While SB 1437 changes the law underlying both theories of guilt, it provides a procedure for those who seek retroactive application, section 1170.95. That procedure is the sole means by which a person may obtain relief for a conviction that becomes final before the effective date of SB 1437. Accordingly, we shall vacate the first degree murder conviction and order additional proceedings in the trial court.

## BACKGROUND

We briefly summarize the relevant facts and procedures occurring prior to the petition from our nonpublished opinion affirming petitioner's conviction.

"Defendant Ricky Lee Cobbs was one of several young men who confronted [Kenny W.] at the home of his fiancée [] after defendant discovered his gun was missing. While defendant and others were kicking and beating [Kenny W.], one of the men pulled out a gun, and shot [Kenny W.] through the heart. At trial with codefendant Undrey Darnel Turner, the prosecution argued defendant was guilty of first degree murder on either of two theories: felony murder based on attempted robbery, and murder as the natural and probable consequence of assault and battery.

2

"The jury convicted defendant of first degree murder in count one (. . . § 187), without indicating the theory on which it based its verdict.  It also found true allegations the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and defendant was armed with a firearm (§ 12022, subd. (a)(1)).  The jury found defendant guilty of street terrorism in count two (§ 186.22, subd. (a)).  The court sentenced defendant to an aggregate term of 53 years to life in prison."  (*People v. Cobbs* (April 18, 2001, C031265) [nonpub. opn.] (fn. omitted).)  We affirmed the judgment on appeal.  (*People v. Cobbs, supra,* C031265.)

Petitioner filed a petition for habeas corpus in this court that we denied on November 2, 2018.  After petitioner filed a petition for review in the California Supreme Court on January 2, 2019, the Supreme Court transferred the matter to us, with directions to vacate the denial and issue an order to show cause returnable to this court as to why petitioner is not entitled to relief.

## DISCUSSION

The Supreme Court held in *Chiu, supra,* 59 Cal.4th 155, an aider and abettor of a target offense may not be convicted of first degree murder under the natural and probable consequences doctrine.  Instead, "punishment for second degree murder is commensurate with a defendant's culpability for aiding and abetting a target crime that would naturally, probably, and foreseeably result in a murder under the natural and probable consequences doctrine."  (*Id.* at p. 166.)  In *Martinez, supra*, 3 Cal.5th 1216, the Supreme Court held that *Chiu* applies retroactively.  (*Martinez*, at p. 1222.)  *Chiu* therefore applies to defendant's first degree murder conviction.

The defendant in *Chiu* was convicted of first degree murder "on the theory that either he directly aided and abetted the murder or he aided and abetted the 'target offense' of assault or of disturbing the peace, the natural and probable consequence of which was murder."  (*Chiu, supra*, 59 Cal.4th at p. 158.)  Since the high court held a defendant cannot be convicted of first degree murder under the natural and probable

3

consequences doctrine, it was error for the trial court to instruct the jury with that theory. (*Id*. at pp. 158-159.)  The error was prejudicial because "[w]hen a trial court instructs a jury on two theories of guilt, one of which was legally correct and one legally incorrect, reversal is required unless there is a basis in the record to find that the verdict was based on a valid ground," and such a finding could not be made in *Chiu*.  (*Id.* at p. 167.)  The remedy was to reverse the first degree murder conviction while "allowing the People to accept a reduction of the conviction to second degree murder or to retry the greater offense" pursuant to the "direct aiding and abetting theory."  (*Id*. at p. 168.)

The Attorney General admits *Chiu, supra,* 59 Cal.4th 155 is applicable and provides the appropriate remedy.  We agree the first degree murder conviction is invalid under *Chiu* as there is no basis to find that the jury did not rely on aiding and abetting under the natural and probable consequence theory.

What the Attorney General does not address but petitioner does, is the substantial change to the law governing felony murder and the natural and probable consequences theory enacted since *Chiu*.

After *Chiu, supra,* 59 Cal.4th 155 was decided, SB 1437 was signed into law. SB 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  SB 1437 accomplishes this by amending section 188, which defines malice, and section 189, which defines the degrees of murder and addresses liability for murder.

SB 1437 made two major additions to sections 188 and 189.  Subdivision (a)(3) was added to section 188 and reads as follows:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with

4

malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (Stats. 2018, ch. 1015, § 2.)

SB 1437 also added subdivision (e) to section 189, which states:  "(e) A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."  (Stats. 2018, ch. 1015, § 3.)

Petitioner asserts both[2] theories of guilt are now invalid under the changes to sections 188 and 189, as the natural and probable consequences theory is now abolished

---

**2**    The Attorney General asserts there was a third theory of guilt for first degree murder at petitioner's trial, as an aider and abettor to first degree premeditated murder.  The only citation in support of this claim is two pages of the reporter's transcript from petitioner's trial, asserted without appending the relevant pages to the return or seeking judicial notice of or incorporation by reference of the record of petitioner's direct appeal of his conviction.  In addition to contravening our own characterization of the theories of guilt in our prior opinion, the Attorney General's claim is not supported by the record.

As petitioner points out with citation to relevant materials appended to the supplemental traverse, the prosecutor argued in closing that there were but two theories of guilt for first degree murder, stating:  "The issue before you plain and simple was whether or not this was murder during a robbery, which makes defendant liable, or whether or not this is murder which is a natural or probable and foreseeable type of a crime that the defendant instigated and was aiding and abetting.  Because if you find it to be felony murder, the defendant is guilty of murder.  If you find it to be aiding and abetting a foreseeable crime it is again murder and murder in the first degree."  We reject the Attorney General's unfounded assertion that there was a third theory of guilt.

and liability under a felony murder theory requires proof and a jury finding that petitioner was the killer, aided and abetted the killer with the intent to kill, or was a major participant in the underlying felony (robbery) with reckless indifference to human life. According to petitioner, the changes in the law of murder relieve this court of its duty to follow the Supreme Court opinion in *Chiu, supra,* 59 Cal.4th 155 as it relates to remedy. His proposed remedy is to vacate the first degree murder conviction and remand to the trial court for further proceedings consistent with sections 188 and 189.

We are bound to follow *Chiu, supra,* 59 Cal.4th 155 until it is disapproved. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) However, the interplay between the theories of guilt in petitioner's case and the changes enacted by SB 1437 have the potential to distinguish *Chiu*, if SB 1437 applies retroactively to petitioner's conviction. Petitioner's argument overlooks a key element of SB 1437 governing retroactivity.

As with other enactments that have reduced penalties for crimes (see §§ 1170.18 [resentencing under Proposition 47], 1170.126 [resentencing under Proposition 36]), SB 1437 contains a provision for addressing claims of defendants who were convicted of murder prior to its effective date. SB 1437 also enacted section 1170.95 that permits defendants "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a).) Like the resentencing provisions of Propositions 36 and 47, section 1170.95 provides a detailed mechanism for obtaining relief by petition.

A person may file a section 1170.95 petition if: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder

6

following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3).)

"The petition shall be filed with the court that sentenced the petitioner and served by the petitioner on the district attorney, or on the agency that prosecuted the petitioner, and on the attorney who represented the petitioner in the trial court or on the public defender of the county where the petitioner was convicted. If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition." (§ 1170.95, subd. (b)(1).)

The court then reviews the petition for a prima facie case, and will appoint counsel for petitioner if requested. (§ 1170.95, subd. (c).) The prosecuting agency has 60 days to file an answer to the petition, and petitioner has 30 days to file a reply, with time extensions permitted for good cause. (*Ibid*.) If the court finds the petition establishes a prima facie case, then it shall issue an order to show cause. (*Ibid.*) It then has 60 days to hold a hearing on the petition, at which the prosecution must prove beyond a reasonable doubt that petitioner is ineligible for resentencing, unless there was a prior finding that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, in which case the murder conviction and any enhancements are vacated. (§ 1170.95, subd. (d)(1)-(3).) If the petitioner is entitled to relief, the murder conviction and any enhancements will be vacated, and, if "murder was charged generically, and the target offense was not charged, the petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes." (§ 1170.95, subd. (e).)

In *People v. Martinez* (2019) 31 Cal.App.5th 719 (*Martinez II*), Division Five of the Second District Court of Appeal found a defendant must file a section 1170.95 petition in the trial court to obtain relief under SB 1437. (*Martinez II*, at pp. 729-730.)

7

Relying on California Supreme Court decisions finding the resentencing provisions of Propositions 36 and 47 were the sole avenues for relief under those provisions (see *People v. Conley* (2016) 63 Cal.4th 646 (*Conley*) [Proposition 36]; *People v DeHoyos* (2018) 4 Cal.5th 594 (*DeHoyos*) [Proposition 47]), the Court of Appeal found section 1170.95 similarly limited relief under SB 1437. (*Martinez II*, at pp. 725-728.) We agree with *Martinez II*.

In *Conley*, the Supreme Court held the resentencing provision for Proposition 36, section 1170.126, was the sole means by which a person sentenced before Proposition 36 took effect could obtain relief. (*Conley, supra*, 63 Cal.4th at pp. 661-662.) The Supreme Court noted Proposition 36 addressed the question of retroactivity through section 1170.126 that did not distinguish between those serving final sentences and those whose sentences were not yet final. (*Conley,* at p. 657.) Resentencing was not automatic under section 1170.126 but could be denied if certain disqualifying factors were present or if the resentencing posed an unreasonable risk of danger to public safety. (*Conley,* at pp. 658, 659.) Whether such exclusions applied required findings that typically would not be made at trial that led to the defendant's conviction. (*Id*. at pp. 659-660.) "In short, application of the Reform Act's revised sentencing scheme would not be so simple as mechanically substituting a second strike sentence for a previously imposed indeterminate life term." (*Id*. at p. 660.) From this, the Supreme Court concluded the voters intended for section 1170.126 to be the sole means of relief for defendants sentenced before Proposition 36 took effect. (*Conley,* at p. 661.)

The same result applied to the resentencing provision of Proposition 47, section 1170.18, in *DeHoyos, supra,* 4 Cal.5th 594. "Similar considerations lead us to a similar conclusion in this case. Like the Reform Act, Proposition 47 is an ameliorative criminal law measure that is 'not silent on the question of retroactivity,' but instead contains a detailed set of provisions designed to extend the statute's benefits retroactively. [Citation.] Those provisions include, as relevant here, a recall and

8

resentencing mechanism for individuals who were 'serving a sentence' for a covered offense as of Proposition 47's effective date. [Citation.] Like the parallel resentencing provision of the Reform Act, section 1170.18 draws no express distinction between persons serving final sentences and those serving nonfinal sentences, instead entitling both categories of prisoners to petition courts for recall of sentence. [Citation.] And like the resentencing provision of the Reform Act, section 1170.18 expressly makes resentencing dependent on a court's assessment of the likelihood that a defendant's early release will pose a risk to public safety, undermining the idea that voters 'categorically determined that "imposition of a lesser punishment" will in all cases "sufficiently serve the public interest." ' [Citations.]" (*DeHoyos, supra*, 4 Cal.5th at p. 603.) Following *DeHoyos*, "section 1170.18 supplies the exclusive path to relief on a current offense under Proposition 47 for defendants who were serving felony sentences as of the measure's effective date, including those whose judgments were on appeal and thus not yet final." (*People v. Lara* (2019) 6 Cal.5th 1128, 1131.)

The same applies to the changes enacted under SB 1437. For those, like petitioner, whose convictions are final and are serving sentences for crimes that may come under the ambit of SB 1437, section 1170.95 is the exclusive means of obtaining relief. While we cannot grant petitioner the relief he seeks in habeas, he is entitled to seek relief under section 1170.95. What relief petitioner is entitled to is contingent on the outcome of his section 1170.95 petition. *Chiu, supra,* 59 Cal.4th governs until SB 1437 applies retroactively through the grant of a section 1170.95 petition. Thus, defendant currently stands convicted of second degree murder. The People's option to retry defendant for first degree murder under *Chiu* cannot be exercised until the section 1170.95 petition is resolved. If the section 1170.95 petition is granted, then the (now) second degree murder conviction will be vacated and he will be resentenced in accordance with section 1170.95. If the petition is denied, then the People have the option of retrying petitioner for first degree murder under a robbery felony murder

9

theory, as that crime is defined following SB 1437, or accept the second degree murder conviction.

The narrower definition of felony murder following SB 1437 does not prevent retrial. In *People v. Jackson* (2018) 26 Cal.App.5th 371, the defendant stole a vehicle after Proposition 47 took effect, but she was tried before the Supreme Court determined that Proposition 47 applied to vehicle thefts under Vehicle Code section 10851. (*Jackson*, at pp. 377-378.) As a result of the Supreme Court's decision, a new element was added for felony vehicle thefts, that the stolen vehicle be worth more than $950. (*Id.* at p. 377; *People v. Page* (2017) 3 Cal.5th 1175, 1183.) The trial court in *Jackson* committed instructional error by failing to include this element in the instruction on Vehicle Code section 10851. (*Jackson*, at p. 378.) While the jury was instructed on both valid and invalid legal theories, reversal was required because the Attorney General could not overcome the presumption of prejudice. (*Id.* at pp. 380-381.) On remand, the People could either accept a misdemeanor conviction under Vehicle Code section 10851 or retry the felony under the narrower definition of felony vehicle theft that included the element of the vehicle's value exceeding $950. (*Id.* at p. 381.)

The same applies here. While petitioner was tried under a definition of felony murder that is no longer valid, if he fails to obtain relief under section 1170.95, then the People have the option of accepting a second degree murder conviction or retrying petitioner for first degree murder under a robbery felony murder theory, under the current definition of that crime. Since the natural and probable consequences theory of liability was abolished by SB 1437, petitioner cannot be retried under that theory. If petitioner is no longer convicted of first degree murder after additional proceedings conclude, then resentencing is necessary.

10

## DISPOSITION

Let a writ of habeas corpus issue, vacating petitioner's first degree murder conviction and remanding the matter to the San Joaquin County Superior Court for additional proceedings consistent with this opinion.

_____/s/_____

HOCH, J.

We concur:

_____/s/_____
HULL, Acting P. J.

_____/s/_____
BUTZ, J.