Filed 8/31/20  P. v. Wallace CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C082750 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F07322) |
| v. | OPINION ON REMAND |
| SIDNEY EDWARD WALLACE, | |
| Defendant and Appellant. | |

Defendant Sidney Edward Wallace was convicted of multiple charges related to a domestic violence incident, including carjacking (Pen. Code, § 215, subd. (a)) and felony taking a vehicle (Veh. Code, § 10851).[1]  On appeal, he contended the trial court's carjacking instructions were inadequate.  He also challenged his felony conviction under section 10851, arguing the People did not establish his crime was a felony pursuant to Proposition 47 and Penal Code section 490.2.  Specifically, defendant argued the jury had

---

[1]  Undesignated statutory references are to the Vehicle Code.

1

not made findings, and he had not made admissions, as to either of the facts necessary to elevate the offense to a felony: (1) that the value of the vehicle was over $950; and (2) that he committed the theft version of the offense by taking the vehicle with the intent to permanently deprive the owner rather than the nontheft version of driving.

In an unpublished opinion, we rejected defendant's claims. We concluded as to the carjacking instructions, there was no error in the trial court declining to give a pinpoint instruction defining "force" for the jury. As to the section 10851 conviction, we concluded: (1) defendant forfeited the claim of error as he made no objection to the instruction given, under which the jury could have found defendant committed the theft (felony) or nontheft (misdemeanor) version of the offense; and (2) any error was harmless because even if the value of the vehicle was under $950 no reasonable jury could have found he intended to permanently deprive the victim of her vehicle. Accordingly, we affirmed the judgment. (*People v. Wallace* (Feb. 5, 2018, C082750) [nonpub. opn.], review granted May 16, 2018, S247488.) The Supreme Court granted defendant's petition for review and deferred the matter pending consideration and disposition of a related issue in *People v. Bullard* ((Dec. 12, 2016, E065918) [nonpub. opn.], review granted Feb. 22, 2017, S239488), or pending further order of the court.

In March 2020, our Supreme Court issued *People v. Bullard* (2020) 9 Cal.5th 94 (*Bullard*), in which it concluded, "Except where a conviction is based on posttheft driving (i.e., driving separated from the vehicle's taking by a substantial break), a violation of section 10851 must be punished as a misdemeanor theft offense if the vehicle is worth $950 or less." (*Id*. at p. 110.) The Supreme Court transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of Penal Code section 1259, *People v. Hudson* (2006) 38 Cal.4th 1002, 1011-1012 (*Hudson*), and *Bullard*. We vacated our opinion on June 25, 2020.

After consideration of Penal Code section 1259, *Hudson*, and *Bullard*, we must reverse the section 10851 conviction. On remand, the People will have the choice of

2

either accepting the conviction's reduction to a misdemeanor or retrying the charge as a felony.  (See *People v. Jackson* (2018) 26 Cal.App.5th 371, 381 (*Jackson*).) Consideration of these authorities does not change our analysis and conclusion for the carjacking conviction.  We affirm the remaining convictions.

FACTUAL AND PROCEDURAL BACKGROUND[2]

After years of an on-again, off-again relationship, which included a lot of arguing and physical fights, in late 2015 defendant and Jessica G. got into an argument and physical altercation about access to their children as Jessica was leaving her workplace. Jessica was screaming as the fight progressed from pushing and shoving, and defendant put his hands around Jessica's neck.  She "gave up" and defendant "snatched" her keys. Jessica and another witness described defendant as having taken her keys by force. Although she was afraid defendant would hurt her during the altercation, she was not fearful when he took the keys.  Defendant drove away in Jessica's car.  Jessica returned inside the building and called the police.

After defendant left Jessica's workplace, he picked up the children at their day care and drove approximately 10 minutes to his mother's home, which was down the street from Jessica's work.  Police found the car, defendant, and the children there. Jessica retrieved the children and car approximately 90 minutes after the incident.  The car was undamaged.  Defendant later stated he had driven the car for less than 30 minutes.

A jury found defendant guilty of carjacking (Pen. Code, § 215, subd. (a); count two), misdemeanor battery against the mother of his child (Pen. Code, § 243, subd. (e)(1); count three), and unlawful taking or driving of a vehicle (§ 10851, subd. (a); count four).  The trial court sentenced defendant as follows:  five years in state prison for

---

[2]  The factual and procedural background relevant to this opinion are summarized from our previous opinion.  (*People v. Wallace, supra*, C082750.)

count two; one year in county jail for count three; and two years for count four, stayed pursuant to Penal Code section 654. The trial court suspended execution of the sentence and ordered five years' probation.

DISCUSSION

I

## Carjacking Offense

Defendant contends the trial court erred in refusing his pinpoint instruction further defining the concept of fear as to the carjacking offense. The People argue the pinpoint was unnecessary because the term "force" is not a concept that requires definition. We agree.

*Background*

In the instructional conference, defense counsel requested a pinpoint instruction as to the carjacking offense be added to the instructions in CALCRIM No. 1650.[3] Relying on *People v. Garcia* (1996) 45 Cal.App.4th 1242, 1246, disapproved on other grounds in *People v. Mosby* (2004) 33 Cal.4th 353, 365, footnotes 2 and 3, defense counsel requested the court include language that "the force required for the carjacking must be

---

[3] "To prove the defendant is guilty of [carjacking], the People must prove that one, defendant took a motor vehicle that was not his own. Two, the vehicle was taken from the immediate presence of a person who possessed the vehicle. Three, the vehicle was taken against that person's will. Four, the defendant used force or fear to take that vehicle or to prevent that person from resisting. And, five, when the defendant used force or fear to take the vehicle, he intended to deprive the other person of possession of the vehicle, either temporarily or permanently. [¶] [T]he . . . defendant's intent to take the vehicle must have been formed before or during the time he used the force or fear. If the defendant did not form the required intent until after using the force or fear, then he did not commit carjacking. [¶] The person takes something when he gains possession of it and moves it some distance. The distance moved may be short. [¶] Fear, as used here, means fear of injury to the person herself. [¶] A person does not actually have to hold or touch something to possess it. It is enough if the person has the right to control it. [¶] A vehicle is within a person's immediate presence if it is sufficiently within her control, so that she could keep possession of the vehicle if not prevented by force or fear."

4

more than incidental touching necessary to take the property." The trial court denied the request.

As relevant, CALCRIM No. 1650 as given required the jury to find defendant had used force or fear to take a vehicle that was not his or to prevent the person in possession of the vehicle from resisting. The instruction defined fear as "Fear, as used here, means fear of injury to the person herself."

During deliberation, the jurors asked the following question with respect to whether defendant used force or fear to take the vehicle or to prevent that person from resisting: "We would like a definition or clarification of what force means here." Defense counsel again requested the trial court give his proposed pinpoint instruction or a definition as stated in *People v. Wright* (1996) 52 Cal.App.4th 203, 210: "When *actual* force is present in a robbery, at the very least it must be a quantum more than that which is needed merely to take the property from the person of the victim, and is a question of fact to be resolved by the jury taking into account the physical characteristics of the robber and the victim." The trial court denied that request. The trial court stated it would instruct the jury "the word force as used in the instruction is to be applied using its ordinary everyday meaning," since the definition of force was "within the common layman's understanding of those terms."

*Analysis*

Addressing the Supreme Court's order first, *Hudson* involved claimed instructional error and held that the rule of forfeiture does not apply where the jury instruction was wrong. (*Hudson, supra*, 38 Cal.4th at p. 1012.) Here, we determined there was no instructional error and, in any event, concluded any error was harmless.

A defendant has a " 'right to have the jury determine every material issue presented by the evidence.' " (*People v. Flood* (1998) 18 Cal.4th 470, 480.) " '[I]n appropriate circumstances' a trial court may be required to give a requested jury instruction that pinpoints a defense theory of the case." (*People v. Bolden* (2002)

29 Cal.4th 515, 558.)  Still, "a trial court may properly refuse an instruction offered by the defendant if it incorrectly states the law, is argumentative, duplicative, or potentially confusing [citation], or if it is not supported by substantial evidence [citation]." (*People v. Moon* (2005) 37 Cal.4th 1, 30.)

As courts have explained, "[Penal Code] section 215, subdivision (a) does not define the degree of force required to support a conviction for carjacking and the standard instruction on carjacking (CALCRIM No. 1650) does not define the force requirement." (*People v. Hudson* (2017) 11 Cal.App.5th 831, 836.)  Because the crime of carjacking is modeled on the robbery statute, we "look to interpretations of the force requirement in the robbery context in construing the requirement in the carjacking context." (*Id.* at p. 835.)  Although robbery "require[s] that the perpetrator exert some quantum of force in excess of that 'necessary to accomplish the mere seizing of the property,' " (*People v. Anderson* (2011) 51 Cal.4th 989, 995), the force element of robbery has no technical meaning and is presumed to be understood by jurors (see, e.g., *People v. Anderson* (1966) 64 Cal.2d 633, 640; *People v. Sullivan* (2007) 151 Cal.App.4th 524, 544).  Because CALCRIM No. 1650 was plain and adequate, there was no error in denying a duplicative and potentially confusing pinpoint instruction.  (See *People v. Garceau* (1993) 6 Cal.4th 140, 189, disapproved on another point in *People v. Yeoman* (2003) 31 Cal.4th 93, 117.)

Even if the trial court erred, it was not reasonably probable a result more favorable to defendant would have been reached had the pinpoint instruction been given.  (See *People v. Flood, supra*, 18 Cal.4th at p. 490 [a trial court's erroneous failure to give a pinpoint instruction is reviewed for prejudice under the standard of *People v. Watson* (1956) 46 Cal.2d 818, 836-837]; see also *People v. Earp* (1999) 20 Cal.4th 826, 887 [same].)  Despite defendant's attempts to characterize his behavior as merely snatching the keys, Jessica testified defendant took the keys "by force and by fear and against [her] will."  Moreover, prior to taking the keys, defendant grabbed Jessica by the wrist, pulled her toward the car, pushed her, shoved her, put his hands around her neck, and refused

6

her repeated requests to stop.  As Jessica testified, she "just gave up" by the time defendant took the keys.  Any error was harmless.

## II
## Section 10851 Offense

Defendant contends his conviction for violating section 10851 must be reversed because there was no jury finding or admission that the vehicle was worth more than $950, as required for a felony theft conviction under Proposition 47.  In addition, during oral argument, defendant argued the trial court erred in convicting him of a felony under section 10851 because the jury did not determine whether he unlawfully took Jessica's vehicle by theft.

Proposition 47 became effective in November 2014.  (*People v. Gutierrez* (2018) 20 Cal.App.5th 847, 854 (*Gutierrez*).)  It was designed to reduce the punishment for certain drug and theft offenses.  (*Ibid*.)  Among other things, Proposition 47 reclassified a variety of grand theft crimes to petty theft offenses when the value of the property taken does not exceed $950.  (*Gutierrez,* at p. 854.)  Proposition 47 amended or added several statutory provisions, including Penal Code section 490.2.  (*People v. Page* (2017) 3 Cal.5th 1175, 1179 (*Page*).)  Penal Code section 490.2 provides that "obtaining any property by theft" is petty theft, which is punished as a misdemeanor if the value of the property taken is $950 or less.  (Pen. Code, § 490.2, subd. (a).)

Following passage of Proposition 47, appellate courts disagreed as to whether Penal Code section 490.2 applied to vehicle theft under section 10851.  (*Gutierrez, supra*, 20 Cal.App.5th at p. 854.)  In *Page*, our Supreme Court resolved the issue, holding that "Proposition 47's new petty theft provision, [Penal Code] section 490.2, covers the theft form of the . . . section 10851 offense" such that "obtaining an automobile worth $950 or less by theft constitutes petty theft under [Penal Code] section 490.2 and is punishable only as a misdemeanor, regardless of the statutory section under which the theft was charged."  (*Page, supra*, 3 Cal.5th at pp. 1183, 1187.)  *Page* expressly left open the

question of whether "misdemeanor sentencing under [Penal Code] sections 490.2 and 1170.18 extend[s] not only to those convicted of theft under . . . section 10851, but also to those convicted for taking a vehicle without the intent to permanently deprive the owner of possession." (*Id*. at p. 1188, fn. 5, italics omitted.)

*Bullard* resolved that question left open by *Page* and held that misdemeanor sentencing under Proposition 47 does extend to convictions for taking a vehicle without the intent to permanently deprive the owner of possession in violation of section 10851. The court reasoned "that to interpret Proposition 47 to split the section 10851 taking offense into two offenses—misdemeanor taking with intent to permanently deprive the owner of the vehicle, and felony taking with intent to do so only temporarily—is so patently illogical that we cannot imagine any plausible reason why voters might have intended that result. The elements of taking an automobile without the intent to permanently deprive the owner of its possession are included in taking with such intent. While the initiative's drafters did not include any provisions aimed expressly at violations of section 10851, we determined in *Page* that the initiative was intended to apply to thefts of low-value vehicles prosecuted under that section. We conclude here that it was also intended to ameliorate the punishment for low-value vehicle takings committed without the intent to permanently deprive." (*Bullard, supra*, 9 Cal.5th at p. 109, italics omitted.) Thus, the court concluded "Proposition 47's substantive effect on section 10851 can be summarized as follows: Except where a conviction is based on posttheft driving (i.e., driving separated from the vehicle's taking by a substantial break), a violation of section 10851 must be punished as a misdemeanor theft offense if the vehicle is worth $950 or less." (*Id.* at p. 110.)

The trial in this matter occurred prior to *Page* and *Bullard*. The jury was instructed with CALCRIM No. 1820 that the People were required to prove defendant took or drove someone else's vehicle without consent and intended to deprive the owner of possession or ownership for any period of time. The People acknowledge the jury was

8

not asked to, and did not make, a finding regarding the value of the vehicle defendant took from Jessica. The jury was not instructed that any taking required the prosecution to establish that the vehicle in question had a value of more than $950. Thus, instructional error occurred. (See *Jackson, supra*, 26 Cal.App.5th at p. 378.)[4]

*Prejudice*

"Although the record cannot support a guilty verdict for felony vehicle theft, the problem with [defendant]'s felony conviction is not the sufficiency of the evidence but jury instructions that failed to adequately distinguish among, and separately define the elements for, each of the ways in which section 10851 can be violated." (*Gutierrez, supra*, 20 Cal.App.5th at p. 856, fn. omitted.) This error was "eminently understandable" since neither *Page* or *Bullard* were decided until after defendant's trial. (*Jackson, supra*, 26 Cal.App.5th at p. 378.)

"The court's instructions here allowed the jury to convict [defendant] of a felony violation of section 10851 for stealing the . . . car, even though no value was proved—a legally incorrect theory—or for a nontheft taking or driving offense—a legally correct one." (*Gutierrez, supra*, 20 Cal.App.5th at p. 857.) " 'When a trial court instructs a jury on two theories of guilt, one of which was legally correct and one legally incorrect,

---

[4] Although Proposition 47 was enacted prior to trial in this matter, the instructional error requiring a finding of the value of the vehicle is not forfeited by the failure of defendant to raise it in the trial court. " 'Generally, a party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language.' (*People v. Andrews* (1989) 49 Cal.3d 200, 218.) But that rule does not apply when, as here, the trial court gives an instruction that is an incorrect statement of the law. (*People v. Smithey* (1999) 20 Cal.4th 936, 976, fn. 7; *People v. Frazer* (2003) 106 Cal.App.4th 1105, 1116, fn. 5.)" (*Hudson, supra*, 38 Cal.4th at pp. 1011-1012; see also Pen. Code, § 1259 ["The appellate court may also review any instruction given, refused or modified, even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby"].) "Because the instruction given was wrong, the rule of forfeiture does not apply." (*Hudson,* at p. 1012.)

9

reversal is required unless there is a basis in the record to find that the verdict was based on a valid ground.' [Citation.] Unlike with other types of instructional error, prejudice is presumed with this type of error." (*Jackson, supra*, 26 Cal.App.5th at p. 378.) "This presumption of prejudice is rebutted only if the record permits the conclusion 'beyond a reasonable doubt that the jury based its verdict on [a] legally valid theory.' " (*Id*. at pp. 378-379, fn. omitted.) Here, there was no jury finding that the vehicle was worth more than $950 and no facts to support a posttheft driving conviction. Based on the record, we cannot conclude that the jury relied on a legally correct theory. Accordingly, we must reverse the conviction. (*Id.* at p. 381.)

DISPOSITION

The conviction for unlawful taking or driving of a vehicle under section 10851 is reversed, the sentence is vacated, and the matter is remanded for further proceedings consistent with this opinion. On remand, the People may elect to accept a reduction of the section 10851 conviction to a misdemeanor, in which case the trial court is to resentence defendant accordingly, or to retry him for a felony violation of section 10851. The remaining convictions are affirmed.


　　　　　　　　　　　　　　　　　　　　/s/　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　HOCH, J.

We concur:


　/s/　　　　　　　　　　　　　　　　
HULL, Acting P. J.


　/s/　　　　　　　　　　　　　　　　
RENNER, J.