Filed 6/27/18

# CERTIFIED FOR PARTIAL PUBLICATION[*]

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| THE PEOPLE, | C079797 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-1350555) |
| v. | OPINION ON TRANSFER |
| NATHAN ERICK BUSSEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Placer County, Colleen Nichols, Mark S. Curry, Judges. Reversed in part and affirmed in part.

Jyoti Meera Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*] Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of parts 1.0, 1.1, and 1.2 of the Discussion.

A jury found defendant Nathan Erick Bussey guilty of unauthorized taking or driving of a vehicle and receiving a stolen vehicle. Before trial, defendant had entered pleas of no contest to two misdemeanor counts of possession of drug paraphernalia and driving with a suspended license. Defendant admitted certain recidivist allegations, and the trial court sustained the remainder. It then sentenced him to state prison for six years (after striking two of the recidivist findings).

On appeal, defendant claimed the trial court erroneously ignored his pretrial request to act in propria persona. He also contended that he received an unauthorized sentence, asserting that the trial court should have designated both of his felony convictions as misdemeanors and sentenced him accordingly, because the statutes on which these convictions are based should be *deemed* to be included within the reach of a 2014 ballot proposition that reduced a number of offenses to misdemeanors (even though they are not expressly included in it). We affirmed the judgment. The Supreme Court granted review pending its disposition of "related issues" in other pending appeals. (*People v. Bussey* (Nov. 28, 2016, C079797) [nonpub. opn.], review granted Mar. 1, 2017, S239540.)

The Supreme Court subsequently decided *People v. Page* (2017) 3 Cal.5th 1175 (*Page*), which concluded that a conviction for unlawfully *taking* a vehicle valued at less than $950 is eligible for resentencing under Penal Code section 1170.18;[1] unlawful *driving*, on the other hand, is *not* an eligible offense. It then transferred this matter back to our court for our reconsideration in light of *Page*. (*People v. Bussey*, *supra*, C079797, transferred Feb. 28, 2018, S239540.) Having done so after receipt of supplemental briefing, we will conditionally reverse the conviction for unlawful taking or driving, vacate the sentence, and remand for retrial on the election of the People and resentencing.

---

[1] Undesignated statutory references are to the Penal Code.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts underlying the convictions are for the most part not pertinent to this appeal. The vehicle at issue in the two felony counts is a 1996 Pontiac Grand Am, the owner of which had given only his mother permission to use it. The car disappeared in December 2014 while in her possession without her permission. Of particular significance in light of *Page*, defendant was stopped while driving the car without license plates a week later, at which time he claimed to have received it from a third party. He reiterated this claim at trial. No evidence connected defendant directly with the taking of the car. At trial, the arresting officer never assigned a specific value to the car, but agreed with an assessment of it on a California Highway Patrol (CHP) form that it was low in value, within a range of $301 to $4,000 (the trial court excluding the form itself as hearsay).[2] We will include facts pertinent to defendant's claim regarding self-representation in the Discussion.

**DISCUSSION**[3]

**1.0     Defendant Did Not Make an Unequivocal Request Before Trial to Represent Himself, and Thereafter Has Abandoned the Issue[*]**

1.1     *Background*

In an unusual move, at the outset of trial defense counsel urged the court (Judge Colleen Nichols) to exercise its discretion to strike a recidivist allegation under section

---

[2] In seeking a misdemeanor charge at the preliminary hearing, defense counsel argued the car was probably worth less than $950. In another pretrial proceeding, defense counsel had also asserted the value of the Grand Am was extremely low, "potentially being under $950." In both instances, the prosecution did not focus on this point in its opposition.

[3] This discussion is reiterated from our prior opinion in this case. (*People v. Bussey*, *supra*, C079797, review granted.)

[*] See footnote, *ante*, page 1.

1385. The court declined to exercise its discretion without prejudice to reconsideration after trial.

After the court then set a trial date, defense counsel stated that defendant "has a request regarding access to the law library. It's not something I'm familiar with at all. [¶] He would like to get to the law library in jail. He tells me, unless he has a Court order, he can't go there." The trial court responded that only self-represented defendants had made requests for such an order. The court's bailiff indicated that the jail gave only self-represented defendants access. The trial court responded, "Remember, I don't run the jail. So if he doesn't represent himself, [I would be] ordering the Sheriff to have [defendant] run their jail." Defendant then volunteered, "Your Honor, *I'm thinking about going pro. per. on this case*"; the court responded, "That would always be a bad idea, Mr. Bussey. *But if that time comes, then you can make that request*." (Italics added.) When defendant disagreed ("because of the fact th[ere] were the mitigating circumstances"), the court asserted defense counsel was not derelict in failing to obtain the extraordinary remedy of a pretrial order striking a recidivist finding, and "to suggest what you [(defendant)] were starting to suggest is just offensive," before then adjourning until the following week.

Following this March 2015 hearing, defendant appeared for two subsequent trial conference hearings before Judge Nichols, then one before Judge Jeffrey Penney, after which Judge Mark Curry took charge of the case in May 2015 for trial. Defendant never renewed the issue of self-representation before any of these judges.

1.2     *Analysis*

The right to represent one's self at trial is forfeited unless asserted in a timely and *unequivocal* manner, with a knowing and voluntary relinquishment of the right to the assistance of counsel. (*People v. Marshall* (1997) 15 Cal.4th 1, 20-21.) In the absence of an unequivocal statement of the intent to proceed without counsel, the trial court does

4

not have the obligation to draw out the exact nature of defendant's intentions. (*People v. Skaggs* (1996) 44 Cal.App.4th 1, 7.) A court should draw every inference *against* the waiver of the right to assistance of counsel. (*Marshall*, at p. 23.) Even an unequivocal request is properly denied if it results from a fit of pique. (*Ibid*.) Finally, where a trial court *does not rule* on a request for self-representation, a defendant forfeits the issue on appeal if he does not seek to obtain a ruling; a defendant is not allowed to save this issue as an "ace to play triumphantly on appeal." (*People v. Kenner* (1990) 223 Cal.App.3d 56, 62; accord, *Skaggs, supra*, at pp. 7-8.)

Defendant's attempt to premise reversible error on his brief exchange with Judge Nichols is many-flawed. His remark reflected only a *possible* course of *future* action, not a *present* intent to make a *definitive* decision. Furthermore, Judge Nichols *never ruled* on the issue, and simply said she would consider it *when* he made his decision. Therefore, defendant's failure to renew the issue subsequently constituted an abandonment of it. Finally, if the trial court's refusal to exercise discretion under section 1385 triggered the subject (as Judge Nichols interpreted the situation), it would not be a proper basis for seeking self-representation.

Defendant suggests his intent to represent himself did not arise as a result of the hearing, but was a possible basis of his desire to use the jail's law library. Even if this were the case, he never returned to the issues of self-representation and access to the law library after further reflection. He makes a bare assertion that Judge Nichols cut him off, and made him apprehensive about renewing the issue because she called it offensive to criticize counsel's efforts *at the hearing*. But in the absence of a stated *present* intention to proceed without counsel, a defendant is not entitled to further colloquy with the court regarding his or her intentions. This also does not reasonably explain why defendant should have had any persisting apprehension about explaining to either of *two other* judges of the court that his desire did *not* arise from defense counsel's performance at the

5

hearing. (If defendant refrained from renewing the subject on the basis of the remark that self-representation is always a bad idea, then this was simply a truthful evaluation about self-representation and could not be the basis of any finding of error.) We therefore reject defendant's argument. [The remainder of this opinion is to be published.]

**2.0     The Vehicle Code Offense Must Be Tried with Correct Instructions, but Receipt of a Stolen Vehicle Is Not Subject to Misdemeanor Treatment**

In November 2014, the electorate enacted the Safe Neighborhoods and Schools Act (Proposition 47), which redesignated a number of offenses as misdemeanors, and provided a procedure in section 1170.18 for retrospective comparable relief for defendants who were serving or had completed a sentence for a previous conviction that would have been a misdemeanor "had this act been in effect at the time of the offense." (§ 1170.18, subds. (a), (f); *People v. Johnston* (2016) 247 Cal.App.4th 252, 256, review granted July 13, 2016, case transferred for reconsideration Mar. 21, 2018, S235041 (*Johnston*).)

*Johnston* noted this proposition "prospectively reduced three specific drug possession offenses to misdemeanors (Health & Saf. Code, §§ 11350, 11357, 11377), as well as forging or writing bad checks (Pen. Code, §§ 473, 476a), receiving stolen property (§ 496), and petty theft. It accomplished the latter with the addition of section 490.2" (which in subdivision (a) declares that obtaining *any* property worth $950 or less is a petty theft punishable as a misdemeanor), and "additionally amended section 666 (also called 'petty theft with a prior') to allow wobbler punishment for recidivists who are otherwise disqualified from the reach of the initiative. Finally, it added the new misdemeanor of 'shoplifting' (§ 459.5). (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Official Title and Summary of Prop. 47, p. 34 (2014 Voter Guide); see also *id*., text of Prop. 47, §§ 5-13, pp. 71-73.)" (*Johnston*, *supra*, 247 Cal.App.4th at pp. 255-256.)

Neither section 496d nor Vehicle Code section 10851 is included among the statutes that Proposition 47 amended.  The trial court therefore remarked more than once during these proceedings that the proposition did not have any effect on these counts, a point that counsel conceded at sentencing (while remarking "it's really, really, really close" to the types of offenses covered, and the voters "had exactly Mr. Bussey in mind").  Defendant now asserts we should include these two statutes within the ambit of Proposition 47.  We agree in part in light of *Page*, *supra*, 3 Cal.5th 1175.

2.1    *Vehicle Code Section 10851*:  *Unauthorized Taking or Driving of a Vehicle*

*Page* involved a *petition* pursuant to section 1170.18 from a defendant serving a sentence for a conviction antedating Proposition 47 for unlawful taking or driving of a vehicle, which sought to reduce the conviction to a misdemeanor and to resentence the defendant.  (*Page*, *supra*, 3 Cal.5th at p. 1179.)  As noted above, *Page* found that a conviction for this offense was subject to reduction and resentencing *if* the petition satisfied defendant's burden of proof of establishing that the facts underlying the conviction involved the *taking* of a vehicle not worth more than $950.  (*Ibid*.)  However, "[w]here the trial testimony . . . shows posttheft driving—that is, driving the vehicle following a 'substantial break' after the vehicle had initially been stolen—the defendant cannot establish eligibility under section 1170.18 by declaring or testifying [in a petition] that he . . . also stole the vehicle:  such testimony would not prove the conviction was *based on* theft rather than on posttheft driving."  (*Page*, at p. 1189.)  For *petitions* filed before *Page* established these criteria, the proper course was to affirm the denial of petitions that did not establish these facts without prejudice to filing a new petition that did.  (*Ibid*.)

In the present case, on the other hand, we are dealing with a *trial* for unlawful taking or driving a car occurring *after* the effective date of Proposition 47, which precludes defendants who obtained a car of the prescribed value *by theft* from being

7

charged with anything other than petty theft. (*Page*, *supra*, 3 Cal.5th at p. 1183.) There is a significant distinction in our review in this context as a result, which eludes defendant in his briefing following the transfer to this court.

*People v. Gutierrez* (2018) 20 Cal.App.5th 847, which does not have a petition for review pending, involved a 2015 offense. (*Id*. at p. 850.) That trial court instructed the jury with the preexisting pattern instructions on unlawful taking or driving. (*Id*. at p. 851 & fn. 3.) As *Gutierrez* cogently explains, "[t]he issue . . . is not whether [defendant] should be resentenced under . . . section 1170.18" because the statute did not apply to him as he "had not even committed the crime charged at the time Proposition 47 went into effect." (*Id*. at p. 855.) Rather, the question is "whether [defendant] was *properly convicted* of a felony theft violation of Vehicle Code section 10851. He was not." (*Ibid.*, italics added.)

As *Gutierrez* explained, "to obtain a felony conviction for vehicle theft, *the People* were required to prove as an element of the crime that the rental car he took was worth more than $950." (*Gutierrez*, *supra*, 20 Cal.App.5th at p. 855, italics added.) The issue that arises from the absence of any evidence at trial establishing the value of the car "is not the sufficiency of the evidence"[4] but instead the validity of the "jury instructions that failed to [distinguish adequately] among, and separately define the elements for, each of the ways in which section 10851 can be violated." (*Id*. at p. 856.) To establish a felony violation, these (to reiterate) require *either* a taking with the intent to deprive the owner permanently of the possession of a vehicle worth more than $950, or a separate driving

---

[4] *Gutierrez* thus declined to follow *In re D.N.* (2018) 19 Cal.App.5th 898, which treated the issue as one of sufficiency of the evidence and as a result concluded any retrial was barred under principles of double jeopardy. (*Gutierrez*, *supra*, 20 Cal.App.5th at pp. 857-858; accord, *In re J. R.* (2018) 22 Cal.App.5th 805, 820.) We agree with *Gutierrez* on this point, and thus reject defendant's claim that double jeopardy precludes a retrial in this matter.

without consent from the owner with an intent to deprive the owner temporarily or permanently of possession of a vehicle of any value. (*Ibid*.) The pattern instructions "allowed the jury to convict [the defendant] of a felony violation of section 10851 . . . even though no value was proved" (or, as in our case, the absence of any express finding on evidence of value), which is "a legally incorrect theory[,] or for a nontheft taking or driving offense—a legally correct one." (*Id*. at p. 857.) Absent any express evidence in the record indicating the jury necessarily rested its verdict on the correct theory, this required reversal for retrial. (*Ibid*.) Following the lead of the Supreme Court in a murder case, "we reverse the felony conviction for unlawful driving or taking a vehicle and remand the matter to allow the People either to accept a reduction of the conviction to a misdemeanor or to retry the offense as a felony with appropriate instructions." (*Ibid*.)

The People acknowledge in their supplemental brief on transfer that the evidence in the present case also presents the possibility that under the pattern instructions the jury could have convicted defendant of posttheft driving under circumstances indicating an intent to deprive the owner permanently of the vehicle (a correct theory) or the actual taking of the vehicle without a finding as to value on conflicting evidence (an incorrect theory). They also acknowledge nothing in the record indicates on which basis the jury rested its verdict. They thus properly concede that we should apply the disposition from *Gutierrez*. We shall do so.[5]

---

[5] As we conditionally reverse on this basis, we do not need to address defendant's claims that his felony conviction would be an "absurd consequence" or represents a violation of the right to equal protection under the law.

9

2.2     *Section 496d*:  *Receiving a Stolen Vehicle*[6]

Confronted with the express exclusion of a statute from an associated series, which ordinarily would lead to the conclusion that it is not to be included (*Johnston, supra*, 247 Cal.App.4th at pp. 257-258), defendant contends in essence that by virtue of the general language of section 496, which applies to knowing receipt (or numerous other actions) of "any property that has been stolen" (§ 496, subd. (a)), the provisions of section 496 for misdemeanor sentencing apply as a matter of law to the more specific section 496d as well (and presumably sections 496a to 496c and 496e in addition).  He alludes to the fact that section 490.2 does not identify every theft statute to which it applies (which *Page* found was not determinative with respect to its application to other theft statutes) and suggests that section 496 operates in the same manner.

Section 490.2 contains key distinguishing introductory language: "Notwithstanding Section 487 *or any other provision of law* defining grand theft . . . ." (§ 490.2, subd. (a), italics added.)  Section 496 does not include any similar language indicating that its provisions are to apply to the entire subject of knowing receipt of stolen property.  That the drafters of the proposition did not include a similar sweeping phrase in section 496 while placing one in section 490.2 is a strong signal that section 496 is not to operate in the same fashion.

Defendant does not otherwise provide any authority for construing the terms of a general statute as controlling a more specific statute.  Indeed, his argument is at odds with the interpretive maxim.  A specific statute controls over a general conflicting statute even where the latter is the one later enacted.  (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 960-961.)  Therefore, the misdemeanor treatment of violations of

---

[6] The discussion with respect to section 496d is reiterated from our prior opinion (other than our reference to *Page*).  (*People v. Bussey*, *supra*, C079797, review granted .)

10

section 496 with respect to stolen property generally cannot be applied to section 496d or any of the other offenses in that series that apply to particular types of property.

Defendant contends this violates principles of equal protection because there is an absence of any rational basis to treat a car thief under section 490.2 (and the statutes to which it applies) more leniently than a receiver of a stolen car. This is not a profitable line of argument.

" '[N]either the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one statute and not the other, violates equal protection principles.' (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) Specifically, the disparity between the former punishment for 'grand theft auto' and unlawful taking or driving is not a basis for finding a violation. (See *People v. Romo* (1975) 14 Cal.3d 189, 197.)" (*Johnston*, *supra*, 247 Cal.App.4th at pp. 258-259.)

In any event, the difference in treatment between petty thieves and receivers of stolen property is easily rationalized. The provisions of the section "496 series" of the Penal Code "are directed principally at activities of others than the thief" (*People v. Tatum* (1962) 209 Cal.App.2d 179, 183-184)[7] because they reflect an intent to cut off the market in stolen goods on which criminal enterprises thrive. "They make clear that in the eyes of the law the 'fence' is more dangerous and detrimental to society than is the thief . . . and draws the heavier maximum penalty." (*Id*. at p. 184; accord, *People v. Adams* (1974) 43 Cal.App.3d 697, 709 [punishment constitutionally proportionate].) Even a stolen car of low value can fuel a profitable illicit dismantling operation (the whole in this

---

[7] The provisions of the section 496 series also provide a fallback in situations where it is impossible to prove a defendant is the thief beyond a reasonable doubt.

instance being less than the sum of its parts), and thus the receipt is more serious than the theft.

As for the decision to treat section 496d violations differently than receiving stolen property generally under section 496, it is plausible that the drafters elected to proceed in an incremental way, gauging the effects of the proposition's sea change in penal law, and —in light of the small number of functioning vehicles worth under $950 at present values—did not consider it an injustice to fail to include them and instead leave the matter to the charging discretion of prosecutors. (See *Johnston*, *supra*, 247 Cal.App.4th at p. 259; accord, *People v. Acosta* (2015) 242 Cal.App.4th 521, 527-528.) Moreover, the drafters may rationally have believed harsher treatment was warranted because there are people who depend on this type of low-value vehicle for essential transportation that they could not otherwise afford. As a result, we reject defendant's claim that his right to equal protection of the law is violated.

## DISPOSITION

The conviction for unlawful taking or driving is reversed and the sentence is vacated in its entirety. In all other respects, the judgment is affirmed. The matter is remanded to the trial court, where the People must file an election within 30 days of the issuance of our remittitur either to retry defendant for felony unlawful taking or driving,

or to accept a reduction of this count to a misdemeanor, after which the trial court may resentence defendant accordingly.

                                        _____BUTZ_____, J.

We concur:

_____HULL_____, Acting P. J.

_____MAURO_____, J.