Filed 2/10/21  P. v. Langston CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WALTER LANGSTON,<br><br>    Defendant and Appellant. | C089846<br><br>(Super. Ct. No. 07F09116) |

This appeal is from a postjudgment order denying the application of defendant Walter Langston to designate as misdemeanors his convictions for violating Vehicle Code section 10851, subdivision (a) (unlawful driving or taking of a vehicle) and Penal Code section 496d, subdivision (a)[1] (receiving a stolen vehicle).  (§ 1170.18, subds. (f), (g).)  We find no error and affirm the order.

---

[1] Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

On April 8, 2010, defendant pleaded no contest to first degree burglary (§ 459; count 1), unlawfully taking or driving a motor vehicle (Veh. Code, § 10851, subd. (a); count 2), and receiving a stolen motor vehicle (§ 496d, subd. (a); count 3). (*People v. Langston* (Oct 13, 2011, No. C065444) [nonpub. opn.].) Defendant also admitted that he had been convicted of one serious felony within the meaning of the three strikes law (§§ 667, subd. (b)-(i), 1170.12) and section 667, subdivision (a), and that he had served three prior prison terms (§ 667.5, subd. (b)). The trial court sentenced defendant to an aggregate state prison term of 17 years four months.

Following the passage of Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47), defendant has filed numerous requests to reclassify his 2010 felony convictions as misdemeanors, all have been denied.

On February 6, 2019, defendant filed a document he titled Petition for Proposition 47 relief to reclassify his felony convictions for violations of Vehicle Code section 10851 and section 496d as misdemeanors. In a declaration dated August 21, 2018, which appears to be part of his February 6 petition, defendant states that on September 19, 2007, at approximately 3:21 a.m., police officers observed him "driving a stolen vehicle, namely, a 1994 Ford Ranger." He declared, without citing any supporting evidence in the record, that the vehicle's transmission was "mechanical[ly] defective" before he stole it. He attached to his petition a photocopy of the cover of a Kelley Blue Book guide for cars built from 1987 to 2000 and a few pages from the book regarding 1994 Ford vehicles, factory equipment, and a mileage chart. He stated that the mileage on the vehicle was "over 100,000," and declared that the Kelley Blue Book wholesale value of a 1994 Ford Ranger was $1,050, and with a mileage deduction, he estimated the value of the stolen vehicle was "at or around $950 dollars, or less." He declared that he had "mailed to the Court, the Sacramento Police Report, which record[ed], the actual mileage

2

in 1999, at 62,156 thousand miles," from which the superior court could infer that the mileage of the vehicle in 2007 was "well over 100,000 miles."

On February 7, 2019, this court denied a petition for writ of habeas corpus filed by defendant without prejudice to filing in the superior court. On February 20, 2019, the superior court denied defendant's petition for relief under Proposition 47. The court stated that there was no reason to reconsider defendant's section 1170.18 motion because he failed to show that Vehicle Code section 10851 offense "was primarily a taking and not simply a driving, and that he took the vehicle with intent to permanently deprive its owner of it." The court observed that defendant had provided pages from the 2007 Kelley Blue Book, but he did "not present any evidence as to which of these models the vehicle in question was, thus the court cannot assess whether the value of it was above or below $950 at the time of the commission of the offense." The court's order is silent as to defendant's request to reclassify his felony conviction for a violation of section 496d, subdivision (a).

On March 20, 2019, defendant filed a letter requesting resentencing based on the Supreme Court's decision in *People v. Buycks* (2018) 5 Cal.5th 857.[2] He then filed a petition for writ of habeas corpus in the superior court, on March 27, 2019, asking for resentencing on a prior prison term enhancement under *Buycks*. The record does not include any motions filed by defendant asking to have his felony convictions for violations of Vehicle Code section 10851 and section 496d, subdivision (a), reclassified as misdemeanors between the superior court's February 20, 2019 order denying his petition and defendant's March 27, 2019 writ. On March 27, 2019, the

---

**2** In *People v. Buycks, supra*, 5 Cal.5th at page 871, the Supreme Court held that "Proposition 47's mandate that the resentenced or redesignated offense 'be considered a misdemeanor for all purposes' [citation] permits defendants to challenge felony-based section 667.5 and 12022.1 enhancements when the underlying felonies have been subsequently resentenced or redesignated as misdemeanors."

superior court ordered: "Defendant Walter Langston has again sent the court a postjudgment motion [seeking] reconsideration of this court's repeated denials of his Penal Code § 1170.18 motion for relief under Proposition 47. [¶] For the reasons stated in the past denials, this will not be revisited."

The record does not include any motions filed by defendant between March 27, 2019, and May 8, 2019, asking to have his felony convictions for violations of Vehicle Code section 10851 and section 496d, subdivision (a), reclassified as misdemeanors. However, on May 8, 2019, the superior court issued an order identical to the order filed on March 27 denying defendant relief under Proposition 47. On May 10, the superior court denied defendant's request to have one of his section 667.5, subdivision (b) enhancements dismissed based on the reclassification in a separate case of a 2001 felony conviction for a violation of section 496, subdivision (a) to a misdemeanor.

On June 7, 2019, this court denied a petition for writ of habeas corpus filed by defendant. The order advised defendant that the proper procedure for obtaining the requested relief--reclassification of his felony convictions as misdemeanors under Proposition 47--was to file a petition under section 1170.18 and then timely appeal if the petition was denied. On June 18, 2019, defendant filed a notice of appeal from the May 8 and May 10, 2019 orders denying his requests for relief under Proposition 47.[3]

---

[3] The record does not definitively show that defendant's February 6, 2019 motion to reclassify his Vehicle Code section 10851 and section 496d, subdivision (a) convictions as misdemeanors is the same petition, including the same facts, that the superior court referenced in its May 8, 2019 order denying defendant's "postjudgment motion" seeking "reconsideration of this court's repeated denials of his Penal Code § 1170.18 motion for relief under Proposition 47." However, both parties take this approach to the record, so we do as well.

4

DISCUSSION

Defendant contends: "This appeal concerns the denial on May 8, 2019, of his Prop 47 Petition regarding his Vehicle Code section 10851 and his section 496d convictions. The court denied defendant's petition filed on February 6, 2019 based on the 'reasons stated in past denials.' " Defendant argues that his Vehicle Code section 10851 conviction should be eligible for resentencing under Proposition 47 because convictions for posttheft driving are eligible under the statute. He alternatively claims that treating people with Vehicle Code section 10851 convictions for unlawful taking of a vehicle and posttheft driving of a vehicle differently violates equal protection. He contends that the superior court erred in denying his petition to reclassify his section 496d conviction as a misdemeanor. Alternatively, he argues that if Proposition 47 does not apply, treating persons convicted of receiving stolen motor vehicles and receiving stolen property differently violates equal protection. Finally, he requests that we remand the matter to the superior court for a hearing where he can present additional evidence to show his eligibility for resentencing.

"In November 2014, California voters approved Proposition 47," which "amended various provisions of the Health and Safety Code and the Penal Code to reclassify as misdemeanors certain narcotics and theft offenses that had been denominated either felonies or 'wobblers' (i.e., crimes capable of being charged as either felonies or misdemeanors)." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 418, 422.) Section 490.2 was added to the Penal Code by Proposition 47. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 8, p. 72 (Voter Guide).) Section 490.2 generally "reduced felony offenses consisting of theft of property worth $950 or less to misdemeanors." (*People v. Bullard* (2020) 9 Cal.5th 94, 99 (*Bullard*); see § 490.2, subds. (a), (c).) Section 1170.18, another provision added to the Penal Code by Proposition 47 (Voter Guide, *supra*, text of Prop. 47, § 14, pp. 73-74), established a procedure through which "a person who already has completed his or her sentence for a qualifying felony

5

[that was reclassified as a misdemeanor by Prop. 47] . . . may have the underlying conviction redesignated as a misdemeanor. ([§ 1170.18], subds. (f)-(h).)" (*Valenzuela*, at p. 422.) The crimes in this case were committed after Proposition 47 was enacted and, therefore, we are concerned here with the prospective changes effected by the law. (*People v. Lara* (2019) 6 Cal.5th 1128, 1135 (*Lara*).)

I

*Conviction Under Vehicle Code Section 10851*

Defendant claims that a conviction for posttheft driving falls within the purview of Proposition 47, requiring the prosecutor to prove the value of the stolen vehicle. As we discuss, defendant's claim is foreclosed by *Lara*.

"Vehicle Code section 10851 punishes not only taking a vehicle, but also driving it without the owner's consent, and 'with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle.' " (*People v. Page* (2017) 3 Cal.5th 1175, 1182 (*Page*), quoting Veh. Code, § 10851, subd. (a).) In *Page* the California Supreme Court addressed the question of whether Proposition 47 applies to convictions for vehicle theft under Vehicle Code section 10851 and concluded that "obtaining an automobile worth $950 or less by theft constitutes petty theft under section 490.2 and is punishable only as a misdemeanor, regardless of the statutory section under which the theft was charged." (*Page*, at p. 1187.) To establish eligibility for resentencing, "a defendant must show not only that the vehicle he or she was convicted of taking or driving was worth $950 or less [citation], but also that the conviction was based on theft of the vehicle rather than on posttheft driving [citation] or on a taking without the intent to permanently deprive the owner of possession [citation]." (*Id.* at p. 1188.)

Recently, our high court concluded that Proposition 47 applies to *all* vehicle takings under the statute, regardless of whether the intent is to deprive the owner of the vehicle temporarily or permanently. (*Bullard, supra,* 9 Cal.5th at pp. 108-109.) In *Lara*

6

the court considered whether Proposition 47 applies to convictions for posttheft driving under Vehicle Code section 10851. (*Lara, supra*, 6 Cal.5th at p. 1136.) In concluding it does not, the court explained that "only theft-based violations fall within Penal Code section 490.2, making them misdemeanors unless the vehicle stolen was worth more than $ 950" (*id.* at pp. 1135-1136), and " ' "unlawful driving of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete . . . . Therefore, a conviction under section 10851[, subdivision ](a) for posttheft driving is not a theft conviction" ' " (*id.* at p. 1136), and "a violation committed by posttheft driving may be charged and sentenced as a felony regardless of value" (*ibid.*). Under *Page*, *Lara*, and *Bullard*, "Proposition 47's substantive effect on [Vehicle Code] section 10851 can be summarized as follows: Except where a conviction is based on posttheft driving (i.e., driving separated from the vehicle's taking by a substantial break), a violation of section 10851 must be punished as a misdemeanor theft offense if the vehicle is worth $950 or less." (*Bullard, supra*, 9 Cal.5th at p. 110.)

In this case, as the trial court observed, defendant failed to affirmatively show he was convicted of the taking or driving of a vehicle that was worth $950 or less at the time of the crime *and* that the conviction was based on theft of the vehicle rather than on posttheft driving. (*Page, supra*, 3 Cal.5th at p. 1188.) Defendant's declaration about the value of the vehicle is not supported by independent evidence in the record. More importantly, defendant produced no evidence that the conviction was based on a theft rather than posttheft driving. Accordingly, we must reject his claim.

II

*Conviction for Receiving Stolen Vehicle Under Section 496d*

In his opening brief, defendant argues Proposition 47 applies to his conviction for receiving a stolen vehicle under section 496d, subdivision (a). As he concedes in his reply brief, his statutory argument is foreclosed by our high court's recent decision in *People v. Orozco* (2020) 9 Cal.5th 111 (*Orozco*).

7

Proposition 47 did not amend section 496d or otherwise refer to it. In *Orozco, supra*, 9 Cal.5th 111, our Supreme Court held that "Proposition 47's revision to section 496, making the offense of receiving stolen property a misdemeanor when the value of the property is $950 or less, does not extend to convictions for receiving a stolen vehicle under section 496d." (*Id.* at p. 115.) *Orozco* also rejected the argument that "section 496d qualifies as a 'theft offense' within the meaning of section 490.2 and is thus subject to section 490.2's general provision that all theft offenses involving property valued at $950 or less are misdemeanors." (*Orozco,* at p. 121.) In light of the decision in *Orozco*, we reject defendant's claim that Proposition 47 entitles him to relief from his felony conviction for possession of stolen property under section 496d, subdivision (a), absent evidence of value exceeding $950.

### III

### *Equal Protection Claims*

Defendant further claims that foreclosing him from relief under Proposition 47 would violate equal protection principles. We disagree.

A. *Conviction Under Vehicle Code Section 10851*

"The concept of equal treatment under the laws means that persons similarly situated regarding the legitimate purpose of the law should receive like treatment. [Citation.] ' "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*People v. Morales* (2016) 63 Cal.4th 399, 408.) Moreover, "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.)

Proposition 47 applies to certain theft- and drug-related felonies (*People v. Colbert* (2019) 6 Cal.5th 596, 598; *People v. DeHoyos* (2018) 4 Cal.5th 594, 597), and our Supreme Court has determined that posttheft driving is not a theft offense (*Lara, supra*, 6 Cal.5th at p. 1136).  The holding of *Lara* therefore forecloses defendant's claim at the first step:  demonstrating that he is similarly situated to those convicted of theft- and drug-related offenses, which Proposition 47 is, by its terms, directed.

B.  *Conviction for Receiving Stolen Vehicle Under Section 496d*

Defendant fares no better with respect to receiving a stolen vehicle under section 496d.  The fact that section 496 and section 496d both criminalize receipt of stolen property is, in and of itself, insufficient to establish an equal protection violation.  As previously stated, "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles."  (*People v. Wilkinson, supra*, 33 Cal.4th at p. 838.)  "[N]umerous factors properly may enter into a prosecutor's decision to charge under one statute and not another, such as a defendant's background and the severity of the crime, and so long as there is no showing that a defendant 'has been singled out deliberately for prosecution on the basis of some invidious criterion,' that is, " 'one that is arbitrary and thus unjustified because it bears no rational relationship to legitimate law enforcement interests," ' the defendant cannot make out an equal protection violation."  (*Id.* at pp. 838-839, quoting *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 568-569.)

Section 496d was added to the Penal Code effective January 1, 1999.  (Assem. Bill No. 2390, approved by Governor, Sept. 21, 1998 (1997-1998 Reg. Sess.) ch. 710, § 1.)  The bill's author stated:  " '[T]his proposal would add a section to the Penal Code to encompass only motor vehicles related to the receiving of stolen property.  Existing law provides penalties for the receiving of stolen property, but is not specific to vehicle theft.  This proposal would allow persons convicted of this section to be identified along with

9

vehicle thieves for the purposes of establishing priors, for statistical purposes and/or to target those persons involved in vehicle theft.' " (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended June 23, 1998 [arguments in support].) Further, the " 'proposal would provide additional tools to law enforcement for utilization in combating vehicle theft and prosecuting vehicle thieves. Incarcerating vehicle thieves provides safer streets and saves Californians millions of dollars. These proposals target persons involved in the business of vehicle theft and would identify persons having prior felony convictions for the receiving of stolen vehicles for enhanced sentences.' " (*Ibid.*)

Given the stated purposes underlying the addition of section 496d to the Penal Code, the voters could have reasonably determined that in targeting vehicle thieves and those involved in the business of vehicle theft (for example, those involved in the business of stripping stolen vehicles for their parts), the statute criminalized more serious conduct than the petty theft and petty theft-related conduct at which Proposition 47 was directed. (*People v. Bussey* (2018) 24 Cal.App.5th 1056, 1064, review dismissed Jun. 24, 2020, S250152.) This view is bolstered by the Supreme Court's observation in *Orozco* that its construction of Proposition 47 works "no absurdity because the electorate plausibly could have chosen to punish receipt of stolen vehicles more severely than vehicle theft or receipt of other types of stolen property. For example, the electorate could have concluded that stolen vehicles, unlike other items of stolen property, are often dismantled and sold for parts on the secondary market, which can raise their worth above retail value." (*Orozco, supra*, 9 Cal.5th at p. 122.)

This court previously explained: "As for the decision to treat section 496d violations differently than receiving stolen property generally under section 496, it is plausible that the drafters elected to proceed in an incremental way, gauging the effects of the proposition's sea change in penal law, and—in light of the small number of functioning vehicles worth under $950 at present values—did not consider it an injustice

10

to fail to include them and instead leave the matter to the charging discretion of prosecutors." (*People v. Bussey, supra*, 24 Cal.App.5th at p. 1064.)

Another rational basis was discussed by the Court of Appeal in *People v. Acosta* (2015) 242 Cal.App.4th 521. In that case, the defendant was convicted of attempted second degree vehicle burglary (§§ 664, 459) and he unsuccessfully petitioned the trial court to reduce his felony conviction to a misdemeanor under Proposition 47. (*Acosta*, at pp. 523-524.) The court rejected the defendant's arguments that sections 490.2 and 459.5, the misdemeanor shoplifting statutes enacted by Proposition 47, applied to his burglary conviction. (*Acosta*, at pp. 526-527.) It also rejected the defendant's equal protection argument, stating: "We have no difficulty concluding that the electorate could rationally extend misdemeanor punishment to some nonviolent offenses but not to others, as a means of testing whether Proposition 47 has a positive or negative impact on the criminal justice system. 'Nothing compels the state "to choose between attacking every aspect of a problem or not attacking the problem at all." [Citation.] Far from having to "solve all related ills at once" [citation], the Legislature has "broad discretion" to proceed in an incremental and uneven manner without necessarily engaging in arbitrary and unlawful discrimination. [Citations.]' " (*Id.* at pp. 527-528.)

It bears repeating that defendant must show the absence of any rational reason for the allegedly differential treatment. (*People v. Chatman* (2018) 4 Cal.5th 277, 289.) Even if we assume for the sake of argument that defendant has demonstrated those convicted under section 496d are similarly situated to those convicted under section 496, we have identified several rational bases for treating receiving stolen vehicles under section 496d differently from receiving other stolen property under section 496, foreclosing defendant's equal protection challenge.

11

## IV

### *Request for Remand*

Defendant asks that we remand the matter to the superior court so he can present evidence at a hearing to show that his Vehicle Code section 10851 conviction was based on stealing a car valued at $950 or less. Defendant has had ample opportunity to show his eligibility for resentencing, but he has failed to do so. He has failed to demonstrate how he could make the required showing. While defendant stated in his petition that he stole the car, a "defendant cannot establish eligibility under section 1170.18 by declaring or testifying that he or she also stole the vehicle: such testimony would not prove the conviction was *based* on theft rather than on post-theft driving, and therefore would fail to establish that the defendant would only have been guilty of a misdemeanor (petty theft under section 490.2, subd. (a)) had Proposition 47 been in effect at the time of the offense." (*Page, supra*, 3 Cal.5th at p. 1189.) Further, defendant was convicted of Vehicle Code section 10851 *and* section 496d, subdivision (a), for receiving the same stolen vehicle. A person who violates Vehicle Code section 10851, subdivision (a) based on theft cannot be convicted of receiving the same vehicle as stolen property. (*People v. Garza* (2005) 35 Cal.4th 866, 876; *Orozco, supra*, 9 Cal.5th at p. 122.) Thus, it would appear that defendant's Vehicle Code section 10851 conviction was based on posttheft driving rather than theft. For all these reasons, remand is unwarranted.

## DISPOSITION

The superior court's order denying defendant's application to designate his convictions for violating Vehicle Code section 10851, subdivision (a) and Penal Code section 496d, subdivision (a) as misdemeanors is affirmed.

 

                                                       /s/
                                        Duarte, Acting P. J.

We concur:

 

/s/
Hoch, J.

 

/s/
Krause, J.