Filed 5/9/22  P. v. Nguyen CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047323 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1899682) |
| v. | |
| HAU TRUNG NGUYEN, | |
| Defendant and Appellant. | |

A jury found appellant Hau Trung Nguyen guilty of the unlawful taking or driving of a vehicle.  Nguyen's sole claim on appeal is that the trial court prejudicially erred by failing to instruct the jury that to convict him of that crime it must find the vehicle's value exceeded $950.  The Attorney General concedes that instructional error, identifies another, and contends both were harmless.  For the reasons explained below, we agree and affirm the judgment.

### I.  FACTS AND PROCEDURAL BACKGROUND

A.  *Procedural Background*

On December 13, 2018, the Santa Clara County District Attorney filed an information charging Nguyen with the taking or unauthorized use of a vehicle, a 2005 Lexus, with the intent to temporarily deprive the owner of its possession (Veh. Code,

§ 10851, subd. (a)**[1]**; count 1) and buying or receiving a stolen vehicle (Pen. Code, § 496d, subd. (a); count 2). As to both charges, the information alleged Nguyen had a prior felony conviction (Pen. Code, § 666.5).

On February 11, 2019, the jury found Nguyen guilty on count 1. At a court trial the same day, the court found true the prior felony conviction allegation attached to count 1. As count 2 was charged in the alternative, the jury did not render a verdict on it, and the trial court dismissed it.

On May 24, 2019, the trial court sentenced Nguyen to three years in prison. Nguyen timely appealed.

B. *Evidence Presented at Trial*

On July 23, 2018, around 4:00 p.m., the victim parked her car, which she described as a "2005 Lexus GX 300,"**[2]** in front of a liquor store. She left her keys in the ignition and went into the store. When she returned, she saw her car being driven away (but could not see who was driving it) and called the police.

The victim had not given anyone permission to drive her vehicle that day. The stolen car contained personal items, including her cell phone, wallet, keys, and laptop. Later that night, she used her e-mail account to track her stolen phone and located it in the area of the Valley Fair shopping center. She called the police. When the police arrived at that location, they found Nguyen sitting in the driver's seat of the parked Lexus. Most of the victim's personal valuables were still inside the vehicle.

At trial in February 2019, the victim testified that she had purchased the vehicle in March 2018, approximately three months before it was stolen. She had "put [$]3,000

---

**[1]** Unspecified statutory references are to the Vehicle Code.
**[2]** There is uncertainty in the record about the precise model of the stolen Lexus. The information alleged the vehicle was a "2005 Lexus LX450." The arresting officer testified that the vehicle was a SUV and a 2005 Lexus LX 450. The victim testified that her vehicle was a "2005 Lexus GX 300." In her 911 call, which was played to the jury and admitted into evidence, the victim stated that the vehicle was a "SUV" and a "2005 Lexus LX 460."

down" and was still making "monthly payments on the car." She did not specify the amount of her monthly payments. The vehicle was in "good condition." When questioned whether the car had incurred any damage between March 2018 and July 2018, the victim responded "yeah, I backed up and I got a little scratch in the back right; so it has a little scratch. But other than that, it's in good condition."

San Jose Police Department Officer Mandeep Saini testified that around midnight on July 24, 2018, he and his partner were dispatched in response to a report of an occupied stolen vehicle. They found Nguyen sitting in the stolen vehicle and arrested him.

Officer Saini testified that he had personally investigated approximately 100 auto theft cases, about 20 of which involved a Lexus. As part of his training and experience, Saini estimated car values. He stated that he had been trained to consider "the condition of the car," his "own personal experience," and an examination of "the Kelley Blue Book values."

Officer Saini recalled the vehicle was a 2005 Lexus LX 450 and a "SUV." Based on his training and experience, he estimated the vehicle's value to be approximately $6,500. On cross-examination, Saini conceded he had not done a complete examination of the vehicle. He had not examined the exterior of the vehicle or looked for any dents or scratches. When questioned if he had walked around the perimeter of the vehicle, he stated he had not but that his partner had done so. Saini had not examined the interior of the vehicle.

The parties stipulated that Nguyen had one prior conviction for vehicle tampering (§ 10852) and two prior convictions for vehicle theft (§ 10851, subd. (a).)

D. *Jury Instructions*

The trial court instructed the jury on count 1 that "To prove that the defendant is guilty of this crime, the People must prove that, 1, the defendant took or drove someone else's vehicle without the owner's consent; and 2, when the defendant did so, he intended

3

to deprive the owner of possession or ownership of the vehicle for any period of time. [¶] A taking requires that the vehicle be moved for any distance, no matter how small. [¶] A vehicle includes a passenger vehicle."[3] The trial court did not instruct the jury on count 1 that, to convict, it must find the vehicle's value exceeded $950.

The instruction on count 2 (receiving stolen property) included the direction that, if the jury found Nguyen guilty of receiving stolen property, it must also decide whether the value of the property was over $950.

The jury was instructed that count 1 and count 2 were alternative charges and that, if it found Nguyen guilty of count 1, it should not return a verdict on count 2.

During closing argument, the prosecutor addressed both charges. As to count 1, the prosecutor acknowledged that no one had viewed Nguyen directly taking or driving away with the vehicle. She argued there was circumstantial evidence that showed that Nguyen was driving the vehicle. She pointed out that Nguyen "was found in possession" of the victim's property consisting of valuable items, including her phone, and "that's how we know that he was the one who took the car." She further stated that "again, we knew [Nguyen] intended to deprive [the victim] because there was no consent, [he] drove the car away, [and there was] no return of the vehicle."

With respect to count 2 (the charge of receiving stolen property), the prosecutor addressed the element of the value of the car. The prosecutor observed that the victim, "testified she put $3,000 down, [and] was making monthly payments. Officer Saini estimated the car['s] value at least at $6500." Based on this testimony, the prosecutor argued that the vehicle's value of over $950 had been proven beyond a reasonable doubt.

---

[3] This language appeared in the version of CALCRIM No. 1820 that was current at the time of Nguyen's trial. The instruction has since been revised and now states that the prosecution must prove beyond a reasonable doubt that the vehicle's value is over $950 to establish the defendant's guilt of felony taking a vehicle without the owner's consent. (See CALCRIM No. 1820 [Mar. 2021 rev.].)

Defense counsel characterized count 1 as "the charge of vehicle theft." Counsel generally argued that Nguyen did not take or drive the vehicle. She stated Nguyen was simply "at the wrong place, at the wrong time."

With respect to count 2, defense counsel cited the "good condition" of the vehicle and implied that it therefore did not appear to be stolen when arguing that the prosecution had not proven beyond a reasonable doubt that Nguyen knew the car was stolen. Defense counsel did not contest the prosecutor's assertion that the evidence established beyond a reasonable doubt that the vehicle was worth more than $950.

## II. DISCUSSION

Nguyen contends that trial court prejudicially erred by failing to instruct the jury on count 1 that it must find the value of the vehicle exceeded $950 to return a guilty verdict. Nguyen maintains the evidence of the vehicle's value was "limited and speculative" and thus we must remand the matter to the trial court for further proceedings. The Attorney General agrees with Nguyen that the trial court committed instructional error on count 1 with respect to the value of the vehicle. In addition, the Attorney General asserts that the court erred by failing "to instruct the jury that to base a felony conviction on posttheft driving, it had to find a substantial break between the driving and the taking of the vehicle." However, the Attorney General contends both instructional errors were harmless.

A. *Legal Principles*

We review de novo whether an instruction correctly states the law. (*People v. Posey* (2004) 32 Cal.4th 193, 218.) "Review of the adequacy of instructions is based on whether the trial court 'fully and fairly instructed on the applicable law.' " (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.) "The trial court has a sua sponte duty to instruct the jury on the essential elements of the charged offense." (*People v. Merritt* (2017) 2 Cal.5th 819, 824.) "All criminal defendants have the right to 'a jury

5

determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.' " (*Ibid.*)

"In November 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47)." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 418.) "[T]he initiative amended various provisions of the Health and Safety Code and the Penal Code to reclassify as misdemeanors certain narcotics and theft offenses that had been denominated either felonies or 'wobblers' (i.e., crimes capable of being charged as either felonies or misdemeanors)." (*Id.* at p. 422.) Proposition 47 added section 490.2 to the Penal Code, which "reduced felony offenses consisting of theft of property worth $950 or less to misdemeanors." (*People v. Bullard* (2020) 9 Cal.5th 94, 99 (*Bullard*).)

" '[S]ection 10851(a) "proscribes a wide range of conduct" ' from stealing a car to joyriding." (*People v. Jackson* (2018) 26 Cal.App.5th 371, 377.) Several decisions by the California Supreme Court have clarified Proposition 47's substantive effect on section 10851.

In *People v. Page* (2017) 3 Cal.5th 1175 (*Page*), the high court noted that section 10851 "may be violated in several ways, including by theft of the vehicle." (*Id.* at p. 1180.) It rejected the contention that a section 10851 conviction was "categorically ineligible for resentencing under Proposition 47" (*ibid.*) and decided that "[b]y its terms, Proposition 47's new petty theft provision, section 490.2, covers the theft form of the Vehicle Code section 10851 offense." (*Id.* at p. 1183.) The court concluded that "obtaining an automobile worth $950 or less by theft constitutes petty theft under section 490.2 and is punishable only as a misdemeanor, regardless of the statutory section under which the theft was charged." (*Id.* at p. 1187.)

The California Supreme Court expanded upon *Page* in two decisions issued after Nguyen's trial. In *People v. Lara* (2019) 6 Cal.5th 1128 (*Lara*), the high court discussed *Page* and noted that "posttheft driving," as a distinct basis for criminal liability, requires

6

proof of a " ' "substantial break" between the taking and the driving.' " (*Id.* at p. 1136.) It explained: "In *Page*, we shed further light on the distinction between vehicle theft and posttheft driving as forms of the Vehicle Code section 10851 offense: 'Posttheft driving in violation of Vehicle Code section 10851 consists of driving a vehicle without the owner's consent after the vehicle has been stolen, with the intent to temporarily or permanently deprive the owner of title or possession. Where the evidence shows a "substantial break" between the taking and the driving, posttheft driving may give rise to a conviction under Vehicle Code section 10851 distinct from any liability for vehicle theft.' [Citation.] While a theft-based violation of Vehicle Code section 10851 may be punished as a felony only if the vehicle is shown to have been worth over $950, a violation committed by posttheft driving may be charged and sentenced as a felony regardless of value." (*Ibid.*)

In *Bullard*, the high court again considered the application of Proposition 47 to the offense of unlawfully taking or driving a vehicle under section 10851. (*Bullard*, *supra*, 9 Cal.5th at p. 99.) It addressed the question of whether Proposition 47 "requires courts to draw a distinction under section 10851 between permanent and temporary vehicle takings" and concluded there was no such requirement. (*Id.* at p. 100.) The court clarified that, "[u]nder our holdings in *Page*, *Lara*, and this case, Proposition 47's substantive effect on section 10851 can be summarized as follows: Except where a conviction is based on posttheft driving (i.e., driving separated from the vehicle's taking by a substantial break), a violation of section 10851 must be punished as a misdemeanor theft offense if the vehicle is worth $950 or less." (*Id.* at p. 110.)

B. *Analysis*

1. <u>Instructional Errors</u>

We agree with the parties that, in light of the above case authority, the trial court should have instructed the jury that, to return a conviction on count 1, it must find the value of the vehicle exceeded $950. Further, if the conviction were based on posttheft

7

driving, the jury should have been instructed that it must find a substantial break between the driving and the taking of the vehicle.

We furthermore agree with the Attorney General that the decisions in *Lara* and *Bullard* apply here. These decisions did not announce a new rule but rather explained or refined the holding in *Page* and therefore are entitled to retroactive application. (See *People v. Guerra* (1984) 37 Cal.3d 385, 399.)

Accordingly, we conclude the trial court erred when, as to count 1, it failed to instruct the jury that a conviction for taking a vehicle with the intent to deprive under section 10851 requires a finding that the vehicle was worth more than $950 and that a posttheft driving conviction requires a finding that there was a substantial break between the taking and driving of the vehicle.

### 2. Prejudice

We next consider whether these instructional errors were prejudicial. We agree with the parties that the instructional error here must be reviewed for prejudice under the standard articulated in *Chapman v. California* (1967) 386 U.S. 18, 24.

Under the *Chapman* test, "[t]he reviewing court must reverse the conviction unless, after examining the entire cause, including the evidence, and considering all relevant circumstances, it determines the error was harmless beyond a reasonable doubt." (*People v. Aledamat* (2019) 8 Cal.5th 1, 13.) " '[M]ost constitutional errors can be harmless.' [Citation.] '[I]f the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other [constitutional] errors that may have occurred are subject to harmless-error analysis.' " (*People v. Nieves* (2021) 11 Cal.5th 404, 461 [quoting *Neder v. United States* (1999) 527 U.S. 1, 8].)

We turn first to the error of failing to instruct the jury that there must have been a " ' "substantial break" ' " between the taking and driving of the vehicle to convict for posttheft driving. (See *Lara*, *supra*, 6 Cal.5th at p. 1136.) The Attorney General argues that the prosecutor proceeded solely on a "taking" and not on a posttheft driving theory in

8

urging Nguyen's guilt as to count 1. Nguyen does not meaningfully challenge that assertion, and, having reviewed the record, we agree. We accordingly decide that the trial court's failure to instruct regarding the substantial break requirement for a posttheft driving conviction was harmless beyond a reasonable doubt.

We turn now to Nguyen's contention that the trial court's failure to instruct on the value of the vehicle on count 1 constituted prejudicial error.

Having reviewed the record, we decide this error, too, was harmless beyond a reasonable doubt. The victim testified that she purchased her Lexus with a down payment of $3,000—an amount substantially greater than $950—only three months prior to the crime. At the time of trial in February 2019, she was still making monthly payments on the vehicle. Officer Saini testified that, based on his training and experience, the vehicle was worth approximately $6,500.

The prosecution presented undisputed evidence that the vehicle was in generally good condition and, while the victim acknowledged she had scratched the vehicle, she characterized this damage as "a little scratch in the back right." Nguyen points out that the evidence did not show the vehicle's mileage and that the arresting officer did not make a perimeter or interior inspection of the vehicle. We are not convinced this missing information negates the overwhelming evidence demonstrating the vehicle's value exceeded $950.

Further, that the vehicle's value exceeded $950 was uncontested at trial. The value of the vehicle was an element of the alternative count of receiving a stolen vehicle (count 2). As detailed *ante*, the parties addressed the elements of both counts in their closing arguments. Defense counsel did not challenge the prosecution's contention that the value of the vehicle as exceeding $950 had been proven beyond a reasonable doubt.

On this record, we decide that the instructional errors identified here were harmless beyond a reasonable doubt.

## III.  DISPOSITION

The judgment is affirmed.

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P.J.


_____
Lie, J.


**H047323**
***People v. Nguyen***